Matthias, J.
 

 Tbe sole question presented for our consideration is whether tbe appellant may maintain its appeal on questions of law after having deposited tbe sum of money awarded, together with costs, and having taken full possession of tbe property and having proceeded to use it for tbe purposes for which it was appropriated.
 

 In tbe consideration of this question it is to be borne
 
 *595
 
 in mind that the rights of the parties are defined by the Constitution, being set forth in Section 19 of Article I. Under this provision, it is required that, “where private property shall be taken for public use, a' compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury *
 
 *
 

 The methods of protecting the rights thus guaranteed by the Constitution, and the procedure for appropriation, including appeal, are, of course, entirely statutory. The difficulty with which we are confronted in this case arises from some inconsistencies between the provisions of various statutes, and our problem is to reconcile the apparent contradictions of these various statutory provisions. The general rule that one who voluntarily performs or satisfies a judgment, order or decree against himself waives Ms right to a review upon appeal, it must be conceded, applies here unless the effect of such waiver is avoided by a specific statute authorizing the prosecution of appeal, notwithstanding the sum of money awarded is paid or secured by a deposit thereof.
 

 It is apparent that two methods were open to the conservancy district by which to proceed in the appropriation of property for its purpose. It could have proceeded as set forth in detail in the Conservancy Act and included in Sections 6828-26 to 6828-35, inclusive, General Code. The other alternative method is authorized and prescribed by Section 6828-18, General Code. That section specifically confers the right to condemn for the use of a district in accordance with the procedure provided by law for the appropriation of land or other property taken for telephone, telegraph and railroad rights-of-way instead of having appraisals and assessments made by a board of appraisers. The procedure thus authorized is set forth in Sections 11038 to 11091, General Code.
 

 
 *596
 
 With reference to the right of appeal, Section 11065, General Code, embraced in the method of procedure prescribed by statute last above referred to, is as follows :
 

 “On the rendition of final judgment in the trial court, the corporation may pay into the court the amount of the judgment for compensation and costs therein rendered, and proceed to enter upon and appropriate property notwithstanding the pendency of the proceedings in error.”
 

 If this section is applicable in this case, it is determinative of the question presented unless the reference to the pendency of proceedings in error relates only to such proceedings instituted only by the owner. This question, however, had very early consideration in the cases of
 
 Meily
 
 v.
 
 Zurmehly,
 
 23 Ohio St., 627, and
 
 Wagner
 
 v.
 
 Railway Co.,
 
 38 Ohio St., 32, where the statutory provisions now embodied in Section 11065, General Code, were construed and applied; and it was specifically held that either party was authorized to file a petition in error to reverse the final judgment, and that the corporation could proceed to enter upon and appropriate the property notwithstanding the proceedings in error were instituted by it.
 

 In the former case, the court, in considering Section 11065, General Code, the provisions of which were then embodied in Section 6437, Revised Statutes, stated, at page 632: “The statute seems to contemplate that when the corporation takes the land, the owner shall have an equal right to have the amount adjudged to him therefor; and leaves each party to the risk of any recovery, to which one may be entitled against the other, as a result of a proceedings in error.” In that case, the court had before it a situation quite similar to that presented by the record in this case; for there, as here, the company making the appropriation had proceeded in error, seeking to reverse
 
 *597
 
 the judgment against it, although it had paid into court the sum assessed as damages and had taken possession of the property condemned.
 

 Likewise in the
 
 Wagner case, supra,
 
 the court, in referring to the right of the corporation to take possession of the land and the right of the owner to receive the money deposited, said, at page 36: “And this is so notwithstanding either party may prosecute error and reverse the judgment. The final judgment of the Probate Court completes the appropriation for the purposes of transferring title, but leaves the parties to litigate oyer the question of compensation.” The court then, making further reference to Section 6437, Revised Statutes, now Section 11065, General Code, stated, at page 38: “Section 6437 allows either party to file a petition in error to reverse the
 
 final judgment,
 
 within thirty days after the rendition of the
 
 verdict,
 
 ‘but the corporation'may, on the rendition of the final judgment in the Probate Court, pay into said court, the amount of the
 
 judgment for compensation
 
 and costs therein rendered, and proceed to enter upon and appropriate the property, notwithstanding the proceedings in error * * V ”
 

 These decisions are in accord with the principle stated in 2 Lewis on Eminent Domain (3d Ed.), 1463, as follows: “Statutes permitting the party condemning to take possession pending an appeal' by either party, upon making a deposit of the damages awarded, are uniformly upheld by the courts in the absence of special constitutional provisions on the subject. It is essential, however, that the damages should have been legally assessed in accordance with the constitution and statute.”
 

 It seems obvious that our constitutional provision itself contemplates the right of possession prior to actual payment to the owner. This must have been contemplated in view of the public convenience and
 
 *598
 
 necessity involved in more or less important projects which should not be unnecessarily deferred and delayed pending appeal in which the right or power to make the appropriation is not an issue. The following statement in 20 Corpus Juris, 1093, is undoubtedly supported by the great weight of authority:
 

 “The general rule seems to be that the right of the condemnor to appeal or further litigate the question of damages, is not lost by paying, tendering, or depositing in court the amount of the award, especially where the payment is made conditionally or under an order of the court; and in any event payment of the amount assessed as compensation for land taken does not estop plaintiff from appealing from that part of the judgment assessing the damages to the land not taken.”
 

 It is our conclusion, therefore, that the Court of Appeals was in error in dismissing the appeal, and for the reasons stated its judgment is reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., J ones, Day, Zimmerman and Williams, JJ., concur.
 

 Myers, J., dissents.