Per Curiam.

The basic predicate of the motion to dismiss is that the judgment of the trial court was voluntarily paid and satisfied by the Director of Highways on the day the Court of Appeals affirmed the judgment and remanded the cause, and that this satisfaction of the judgment terminated the litigation. Rauch relies upon the case of Lynch v. Board of Education of *316 City School Dist. of City of Lakewood, 116 Ohio St., 361, 156 N. E., 188, paragraph three of the syllabus of which reads as follows:
“Where the court rendering judgment has jurisdiction of the subject matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.”
The Director of Highways contends that the right of appeal is not waived or abandoned by depositing with the trial court the amount of the award and taking possession of the property and cites as authority Muskingum Watershed Conservancy Dist. v. Funk, 132 Ohio St., 593, 9 N. E. (2d), 512, paragraph two of the syllabus of which reads as follows: ‘ ‘ The right of a conservancy district to appeal from a judgment in such proceeding is not waived or abandoned by depositing with the trial court the amount awarded and taking possession of the property appropriated.”
In that case, the amount of the award was deposited with the trial court but was not paid to the landowner. The appropriation was by a conservancy district, and the procedure authorized was prescribed by the chapter on appropriation of property, Sections 11038 to 11091, G-eneral Code (now Sections 2709.01 to 2709.46, Revised Code). Under the specific provisions of Section 11065, G-eneral Code (now Section 2709.28, Revised Code), the payment of the award into court and the taking of possession of the land appropriated by the condemnor did not preclude the prosecution of .an appeal from that part of the judgment fixing compensation.
In the instant case, Section 2709.28, Revised Code, is not applicable. The appropriation of the property was by the Director of Highways under authority of Chapter 5519, Revised Code, a part of the Highway Act. Judgment was rendered on the verdict in accordance with Section 5519.02, Revised Code. That judgment was paid to the landowner by order of the court. The litigation was, therefore, terminated, and the cause has become moot.
*317 The appeal is dismissed on authority of Miner v. Witt, City Clerk, 82 Ohio St., 237, 92 N. E., 21, and Lynch v. Board of Education, supra.

Appeal dismissed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell, Herbert and Peck, JJ., concur.