PRESTON, Director of Highways, Plaintiff-Appellant, v. BRICKER et, Defendants-Appellees.

Ohio Appeals, Seventh District, Columbiana County.

No. 783. Decided September 25, 1959.

*Mr. Mark McElroy,* attorney general, and *Mr. James D. Billett,* assistant attorney general, for plaintiff-appellant.

*Mr. Alfred L. Fitch* and *Mr. Bryce W. Kendall,* for defendants-appellees.

GRIFFITH, P. J.   The ultimate question in this appropriation proceeding is whether the Director of Highways of the State of Ohio had a fair trial, and whether he was required to pay more than just compensation for the lands actually taken, and whether the damages to the Brickers' remaining adjacent lands were fairly assessed.

The Director, in his assignments of error, claims eight errors, six by the trial court, and two by the jury.   These errors were as follows:—

"1. The trial court erred in admitting testimony as to value, predicated upon the product of the estimated amount of coal under the land and a fixed price per unit.

"2. The trial court erred in permitting opinion testimony as to the value of the several improvements, crops, buildings and coal deposits or their cost separate and distinct from the value of the land and without regard to their effect upon the fair market value of the property as a whole.

"3. The court erred in permitting witnesses to testify as to the amount of damages sustained by the property owners.

"4. The court erred in admitting opinion testimony by witnesses who were not properly qualified as expert witnesses.

"5. The court erred in its general charge and in its several rulings as shown by the record.

"6. The verdict is so grossly excessive as to show that it was based on bias or prejudice.

"7. The verdict is contrary to and manifestly against the weight of the evidence and is excessive.

"8. The trial court erred in overruling the appellant's motion for a new trial."

It appears that following the rendition of judgment by the common pleas court on the amount of the award made by the jury in accordance with Section 5519.02, Revised Code, the judgment was by the Director of Highways voluntarily paid into the office of the Clerk of Courts. That judgment was paid to Warren N. Bricker and Mrs. Bricker by order of court, and thus, under the authority of *Lynch* v. *Board of Education of City School District of City of Lakewood,* 116 Ohio St., 361, 156 N. E., 188, and *Rauch* v. *Noble, Director of Highways,* 169 Ohio St., 314, the litigation was brought to an end.

The trial judge, of necessity, has broad discretion in admitting and excluding evidence in these types of cases and, unless he has plainly abused his discretion, this court should be slow to step in and interfere.

A careful reading of the bill of exceptions satisfies us that the trial court did not commit reversible error in its admission and exclusion of the evidence touching value and damages. The verdict was within the bounds of the testimony in the record, although there is testimony of a conflicting nature as to the value of Bricker's appropriated land.

On factual questions, a reviewing court will accept the determination of the fact finding entity, be it jury or court, unless so manifestly against the weight of the evidence as to shock the conscience to permit it to stand.

Conceding that most of the errors complained of have merit, we do not think they are of such a serious nature as to require a new trial. The Director of Highways should pay, and be required to pay, the true value of the property taken from the Brickers and reasonable damages to the residue, and we feel that this verdict reaches no farther than that.

The errors, or defects, in the proceedings in this case were not such errors or defects as warrant a reversal. Substantial justice has been done and accordingly, under the provisions of

Section 2309.59, Revised Code, the judgment should be and is affirmed.

Judgment affirmed.

PHILLIPS and DONAHUE, JJ., concur.