[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendants-appellants Garrett and Jennifer Kenney appeal the trial court's entry of summary judgment in favor of plaintiff-appellee Citfed Mortgage Company of America[1] on its claim against the Kenneys and on the Kenneys' counterclaims against Citfed. Because we find no error in the trial court's judgment, we affirm.
The only relevant facts in this case are as follows: the Kenneys executed a promissory note and mortgage in favor of Citfed for the construction of a new home. When the Kenneys experienced problems with the title to the land on which they were to build their home, they notified Citfed that they were no longer going to make payments on the promissory note. Instead, they placed the money into a separate bank account, which they called an escrow account. The Kenneys admitted that Citfed had notified them that failure to pay the note as specified in the loan agreement was a breach of the terms of the note. However, the Kenneys continued to pay installments of the note into their separate account and not to Citfed. The Kenneys also filed suit against the builder of their new home and the title company that had performed the allegedly faulty title search.
Citfed then filed an action against the Kenneys for payment of the promissory note. Citfed's lawsuit was consolidated with the suit filed by the Kenneys against the builder and the title company. The Kenneys counterclaimed against Citfed, alleging that Citfed's acceleration of the note and its lawsuit to recover the sums due under the terms of the loan agreement constituted bad faith.
As relevant to this case, the trial court entered summary judgment in favor of Citfed on its claim for payment of the promissory note. When the issues among the other parties to the consolidated suit were resolved, the homebuilder paid Citfed the amount of the outstanding balance of the promissory note owed by the Kenneys to Citfed.
The Kenneys do not dispute that they owed the amounts claimed by Citfed on the promissory note, and therefore they do not challenge the trial court's entry of summary judgment in favor of Citfed on its claim. However, they do challenge the trial court's entry of summary judgment against them on their counterclaim for breach of the duty of good faith and fair dealing.
We must first address Citfed's claim that the instant appeal is moot. The judgment in its favor on the promissory note has been satisfied. As Citfed argues, when "a judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error * * *."[2] However, the judgment was satisfied not by the Kenneys but by the homebuilder. Arguably, the judgment was not "voluntarily" satisfied by the Kenneys. Although Citfed's claims may now be moot, we will address the issues raised by the Kenneys with respect to their counterclaim.
We hold that the trial court did not err by granting summary judgment in favor of Citfed on the Kenneys' counterclaim for bad faith. The undisputed facts show that Citfed sued on the promissory note executed by the Kenneys after the Kenneys refused to make further payments on the note. The Kenneys do not claim that Citfed breached the terms of the promissory note; rather, they claim that Citfed's pursuit of its claim against them constituted bad faith.
However, Ohio does not recognize a cause of action against a lender for bad faith, when the claim is based solely on the lender's enforcement of its rights under a loan agreement.[3]
The Kenneys' counterclaim against Citfed is based solely on the action of Citfed in pursuing its rights under the terms of the promissory note. Therefore, no genuine issue of material fact exists regarding the Kenneys' counterclaim, and Citfed was entitled to judgment as a matter of law.[4]
Therefore, the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 PAINTER and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Citfed Mortgage Company of America merged with Fifth Third Mortgage Company after this lawsuit commenced. In this opinion, we continue to refer to the plaintiff-appellee as "Citfed."
[2] Lynch v. Lakewood City School Dist. Bd. of Edn. (1927),116 Ohio St. 361, 156 N.E. 188, paragraph three of the syllabus; see, also, Blodgett v. Blodgett (1990), 49 Ohio St.3d 243,551 N.E.2d 1249.
[3] See Schory Sons, Inc. v. Society Natl. Bank (1996),75 Ohio St.3d 433, 662 N.E.2d 1074.
[4] See Civ.R. 56(C).