OPINION
{¶ 1} Defendants-appellants Ronald J. and Anita L. Clark appeal from a judgment of the Franklin County Municipal Court, Environmental Division, granting injunctive relief to plaintiff-appellee, City of Grove City, Ohio ("Grove City"). Because the appeal is moot, we dismiss defendants' appeal.
 {¶ 2} According to evidence in the record, defendants own property in Grove City, Ohio. Although conflicting, the evidence indicates that in October 2001 defendants submitted an application for either a driveway or a parking pad on the rear of their property. During an inspection of the site, a city building inspector discovered remodeling work, including a new roof and new windows, had commenced on a residential structure located on the property, even though defendants had failed to obtain the required permits. Moreover, exposed walls and replacement walls revealed new electrical wiring had been installed, and the presence of a bathtub/shower temporarily stored in the living room suggested plumbing work was being performed. Subsequently, a city building inspector telephoned Anita Clark to inform her that permits were required for work being performed on the residential structure.
 {¶ 3} On October 19, 2001, Grove City issued a stop work order. Later that same day, Ronald Clark obtained and filled out permit applications for the roof and windows. Notwithstanding the stop work order, defendants continued to remodel the residential structure.
 {¶ 4} Grove City filed a complaint on October 24, 2001, seeking a temporary restraining order and injunctive relief. The same day, after holding a hearing, the trial court issued a temporary restraining order and scheduled a hearing to consider Grove City's application for a preliminary injunction. After the temporary restraining order was issued, defendants discontinued remodeling work on the residential structure.
 {¶ 5} On November 5, 2001, the trial court held a hearing to consider Grove City's application for preliminary injunctive relief. At the hearing, Grove City informed the trial court that defendants had never applied for plumbing and electrical permits. Although defendants had submitted applications for roof and window permits, Grove City had not processed them because they were incomplete.
 {¶ 6} Ronald Clark disputed Grove City's representations, and claimed Grove City never informed him prior to the preliminary injunction hearing that the roof and window permit applications were incomplete, despite his many inquiries about the status of his permit applications. Additionally, Ronald Clark denied he performed any electrical or plumbing work on the residential structure. He, however, admitted to performing remodeling work on the structure following receipt of the stop work order, mistakenly believing he was permitted to continue working on the structure during the pendency of his permit applications. At the hearing, the trial court encouraged the parties to settle the matter, but the parties' efforts at settlement were unsuccessful.
 {¶ 7} On November 7, 2001, the trial court found defendants' property to be a public nuisance and ordered defendants (1) to prove by December 4, 2001 they had abated the nuisance by obtaining required roofing, window, electrical and plumbing permits, and (2) to pay court costs. According to the court's order, defendants' failure to comply with the trial court's order would result in a daily fine. Moreover, under the trial court's judgment, Grove City was permitted to reduce any accumulated fines to a judgment and execute on the judgment against defendants' assets. On December 4, 2001, the trial court issued an entry and order indicating defendants had complied with the trial court's November 7, 2001 judgment.
{¶ 8} Defendants appeal, assigning a single error:
 {¶ 9} "Environmental Division of the Franklin County Court erred by finding that Ronald and Anita Clark, owner of 3981 Irwin Court, was in code violation. Requiring us to obtain roof, window, plumbing, and electric permits [sic]."
 {¶ 10} As clarified at oral argument, defendants contend the trial court erred in requiring them to obtain a permit for electrical work that defendants did not perform. Additionally, in light of Grove City's representations that permits are typically approved within one day, defendants contend Grove City's lack of timely response to defendants' roof and window permit applications contributed to the circumstances that occasioned Grove City's lawsuit against them. Thus, in essence, defendants contend the trial court's judgment not only is against the manifest weight of the evidence, but Grove City should have been estopped from bringing the lawsuit. Grove City contends the trial court's judgment is not against the manifest weight of the evidence, and defendants' compliance with the trial court's judgment renders the present appeal moot.
 {¶ 11} "Actions or opinions are described as `moot' when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * `A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " Culver v. City of Warren (1948), 84 Ohio App. 373, 393. (Citations omitted.)
 {¶ 12} "The doctrine of mootness is rooted both in the `case' or `controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. * * * While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question. It is not the duty of a court to decide purely academic or abstract questions." James A. Keller, Inc. v. Flaherty (1991), 74 Ohio App.3d 788, 791. (Citations omitted.) "Thus, the ` "duty of * * * every * * * judicial tribunal * * * is to decide actual controversies by a * * * judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ` " Ohio Civ. Serv. Emp. Assn., AFSCME, Local 11, AFL-CIO v. Ohio Dept. of Transp. (1995), 104 Ohio App.3d 340, 343, quoting Miner v. Witt (1910), 82 Ohio St. 237, 238, quoting Mills v. Green (1895), 159 U.S. 651, 653, 16 S.Ct. 132.
 {¶ 13} As exceptions to the mootness doctrine, a court may hear an appeal where the issues are "capable of repetition, yet evading review," State ex rel. Plain Dealer Publishing Co. v. Barnes (1988), 38 Ohio St.3d 165, paragraph one of the syllabus, where a debatable constitutional issue remains to be resolved, or where the matter is of great public or general interest. Franchise Developers, Inc. v. Cincinnati (1987), 30 Ohio St.3d 28, 29, paragraph one of the syllabus. See, also, Deluca v. Aurora (2001), 144 Ohio App.3d 501, 508. The exception for a case that is "capable of repetition, yet evading review" applies only in exceptional circumstances and two factors must be present: "(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." State ex rel. Calvary v. Upper Arlington (2000), 89 Ohio St.3d 229, 231.
 {¶ 14} Here, Grove City contends defendants' appeal is moot because defendants voluntarily complied with the judgment from which they appeal. "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, fraud has not intervened, and the judgment is voluntarily paid and satisfied, payment puts an end to the controversy and takes away from the defendant the right to appeal or prosecute error or even to move for a vacation of judgment." Bob Krihwan Pontiac-GMC Truck, Inc. v. Gen. Motors Corp. (2001), 145 Ohio App.3d 671, 675, quoting Lynch v. Lakewood City School Dist. Bd. of Edn. (1927), 116 Ohio St. 361, paragraph three of the syllabus. (Emphasis sic.) Accord Kelm v. Hess (1983), 8 Ohio App.3d 448. See, also, Favret Co. v. West (1970), 21 Ohio App.2d 38, 40
("If * * * payment was voluntarily made, the issue raised by the appeal is moot and the appeal must of necessity be dismissed. However, if the payment was an involuntary one, then the question raised is not moot"). See, also, Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245, quoting Rauch at 316, quoting Lynch at 361, paragraph three of the syllabus.
 {¶ 15} Here, rather than a monetary judgment against defendants, the trial court ordered injunctive relief by requiring defendants to obtain permits, thereby abating a nuisance, and ordering fines for noncompliance with the order. Although defendants risked financial sanction for noncompliance with the trial court's order, the threat of sanctions did not render defendants' satisfaction of the judgment involuntary. See Hagood v. Gail (1995), 105 Ohio App.3d 780, 790, appeal not allowed (1996), 74 Ohio St.3d 1499 ("this court concludes that, for the purpose of determining whether an appeal has been rendered moot as a result of the satisfaction of the judgment, an appellant will only be deemed to have acted involuntarily if she has been the subject of duress, as defined in the Blodgett [v. Blodgett (1990), 49 Ohio St.3d 243] syllabus"). See, also, Blodgett at syllabus ("[t]o avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party"); see, also, Kelm at 448, citing State ex rel. Ocasek v. Riley (1978), 54 Ohio St.2d 488, 490 ("a pending garnishment would not render payment involuntary, in view of appellant's entitlement to a stay of the trial court's judgment as a matter of right, upon giving adequate bond").
 {¶ 16} Here, defendants could have moved for a stay of execution of the trial court's November 7 judgment pursuant to Civ.R. 62(B), but they did not. Given their failure to seek a stay of the trial court's judgment, defendants' satisfaction of the trial court's judgment was voluntary. Accord Harbourtown Properties, Inc. v. Citizens Fed. Bank (Nov. 10, 1997), Franklin App. No. 97APE03-328. See, also, Karmasu v. Tate (Sept. 15, 1994), Scioto App. No. 94 CA 2217, dismissed, appeal not allowed (1995), 71 Ohio St.3d 1464 ("While, as a reviewing court, we afford greater latitude to a pro se party, we do not feel constrained to expand this policy beyond addressing the pro se appeal on its merits whenever possible. Nothing in our previous opinions can be read to hold that a trial court is free to ignore the Rules of Civil Procedure, to find substance where none exists, to advance an argument for a pro se litigant or to address issues not properly raised").
 {¶ 17} In addition, no exceptions to the mootness doctrine apply here. Defendants' appeal presents no debatable constitutional issue to be resolved. Further, although the issues are of great interest and importance to defendants, the present matter is not one of great public or general interest. See, e.g., James A. Keller, Inc. at 792. Nor were the issues capable of repetition, yet evading review: the matter at issue was not too short in its duration to be fully litigated before its cessation or expiration, and there is no reasonable expectation that defendants will be subject to the same action again because defendants have obtained the required permits for the residential structure. See State ex rel. Calvary at 231.
 {¶ 18} Because defendants voluntarily satisfied the judgment, and no exceptions to the mootness doctrine apply, Grove City's contention that defendants' appeal is moot is well-taken. However, even if we could deem defendants' appeal to present a case or controversy for determination, defendants' assignment of error would be unpersuasive.
{¶ 19} By syllabus law, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. In considering whether a judgment is against the manifest weight of the evidence, an appellate court is guided by the presumption that a trier-of-fact's findings were correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80. See, also, State ex rel. Montgomery v. Pakrats Motorcycle Club, Inc. (1997), 118 Ohio App.3d 458, 466.
 {¶ 20} Moreover, "[g]ranting an injunction is within the sound discretion of the trial court and depends upon the facts and circumstances surrounding the case. * * * In determining whether an abuse of discretion exists, a reviewing court should be guided by a presumption that the trial court was correct. * * * `Abuse of discretion' connotes more than an error of law or judgment as it implies the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 466. (Citations omitted.)
 {¶ 21} Pursuant to Section 3, Article XVIII, Ohio Constitution, "[m]unicipalities shall have the authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Under Grove City Codified Ordinance 1301.06(a), "[n]o building or structure shall be constructed, altered, remodeled, razed or removed except in conformity with the provisions of this Part 13 Building Code and any lawful rule of the Building Inspector made hereunder." See, also, Grove City Codified Ordinance 1305.01(a) (requiring permit for each building or structure that is altered or improved); Grove City Codified Ordinance 1351.04 (requiring electrical wiring to be inspected prior to installation of drywall or wall covering); Grove City Codified Ordinance 1307.01 (subjecting to inspection construction work that requires a permit); and Grove City Codified Ordinance 1307.03(b) (requiring final inspection).
 {¶ 22} Here, at the preliminary injunction hearing, Michael Boso, chief building and zoning official for the city of Grove City, testified that a site inspection indicated work had been conducted on defendants' residential structure without any permits having been issued. According to Boso, a new roof had been installed, new windows were being installed, a bathtub/shower was temporarily in the living room of the structure for installation in the house, exposed walls indicated new electrical work had been performed, and the walls disclosed evidence that electric current was running in relocated or reinstalled walls.
{¶ 23} Without question, defendants dispute they performed electrical work. Despite defendants' disagreement with Grove City over the underlying facts, the record contains competent, credible evidence through the testimony of Boso that defendants performed electrical work on the residential structure without a permit. Consequently, defendants' contention that the trial court erred by requiring defendants to obtain a permit for electrical work would not b e well-taken.
 {¶ 24} Defendants also contend Grove City's lack of timely response to defendants' roof and window permit applications contributed to the circumstances that occasioned this lawsuit. Despite defendants' contentions, the evidence in the record fails to demonstrate a causal nexus between Grove City's alleged lack of timely approval of defendants' roof and window permit applications, and defendants' commencement of remodeling work without required permits. Even if Grove City failed to timely approve defendants' applications, Grove City's failure occurred after defendants had already commenced remodeling work without the required permits. Although the lack of timely approval may have been a source of frustration to defendants, it was not the cause of defendants' failure to first obtain permit applications.
 {¶ 25} Moreover, the general rule is that "government cannot be estopped from its duty to protect public welfare because public officials failed to act as expeditiously as possible." Ohio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143, paragraph two of the syllabus. See, also, City of Oxford v. Day (Mar. 16, 1998), Butler App. No. CA96-09-183, quoting Athens Cty. Property Owners Assn., Inc. v. Athens (Aug. 26, 1992), Athens App. No. 1482 (Harsha, J., dissenting), jurisdictional motion overruled (1993), 65 Ohio St.3d 1493 ("the usual rule [is] that equitable estoppel will generally not be applied against a municipal corporation in the exercise of a governmental function. * * * However, the Ohio Supreme Court has continually indicated that its reluctance to impose that doctrine relates more to the specific facts of the case, i.e., application, rather than an absolute bar to the availability of the doctrine as a legal defense"). Accordingly, defendants' contention that the trial court erred in not applying estoppel against Grove City also would not be well-taken.
 {¶ 26} Because defendants' voluntary satisfaction of the trial court's judgment renders the present appeal moot, we dismiss defendants' appeal.
Case dismissed.
DESHLER and PETREE, JJ., concur.