[Cite as *Wr Steele Co., L.L.C. v. Stone Oak Market* , 2020-Ohio-5117.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Wr Steele Company, LLC

    Appellee

v.

Stone Oak Market, and
Bonnie Ostrander

    Appellants

Court of Appeals No.  L-19-1147

Trial Court No.  CVF1500918

**<u>DECISION AND JUDGMENT</u>**

Decided:  October 30, 2020

* * * * *

R. Ethan Davis, for appellee.

Bonnie Ostrander, pro se.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal from the judgment of the Sylvania Municipal Court, denying the motion of appellant Bonnie Ostrander to vacate a "paid/satisfied default judgment."  Finding no error, we affirm.

## II. Facts and Procedural Background

{¶ 2} This matter is, in essence, Ostrander's fourth attempt to overturn the trial court's denial of her motion to vacate the default judgment entered against her in 2015, awarding judgment to appellee Wr Steele Company, LLC (WSC).

{¶ 3} On July 17, 2015, WSC filed a complaint in the Sylvania Municipal Court to recover money owed on an account for architectural services rendered, in the amount of $3,125.98. WSC served appellant at her home and served summons on the business, Stone Oak Market. Additionally, WSC served summons on the statutory agent for the business. On October 21, 2015, WSC moved for a default judgment, which the trial court granted on November 4, 2015. Ostrander filed a motion to vacate the judgment, and the trial court denied that motion on June 9, 2016.

{¶ 4} On December 9, 2016, appellant attempted to appeal the November 2015 judgment. That appeal was untimely.

{¶ 5} On December 13, 2016, appellant sought leave to file a delayed appeal of the trial court's November 2015 judgment, and we denied leave and dismissed the second appeal.

{¶ 6} In the trial court, Ostrander filed a subsequent motion to vacate the default judgment, which the trial court denied on June 13, 2017. On July 14, 2017, appellant filed an appeal of the trial court's judgment. In that third appeal, the parties engaged in mediation, and reached an agreement memorialized in writing on September 28, 2017. The written agreement provided that Ostrander would make payment of $3,125.98, fully

2.

satisfying WSC's judgment, and file a motion to remand the matter to the trial court. Once the matter was remanded, WSC agreed to file a motion to vacate the default judgment and dismiss the complaint. Ostrander agreed to dismiss the appeal.

{¶ 7} Ostrander paid the agreed-upon amount. On November 17, 2017, WSC filed a satisfaction of judgment and a release of judgment lien with the trial court. WSC also provided Ostrander with a proposed joint motion to vacate the default judgment and dismiss the case with prejudice, to be filed once the case was remanded. Ostrander disagreed with the proposed motion, and drafted her own joint motion to vacate, requesting dismissal *without prejudice*. Ostrander also failed to file a motion, seeking remand to the trial court.

{¶ 8} On October 11, 2018, we noted the parties reached settlement through mediation, and sua sponte dismissed the third appeal.

{¶ 9} On April 23, 2019, Ostrander filed a "motion to vacate paid/satisfied default judgment for dismissal without prejudice" in the trial court. Ostrander sought to vacate the judgment "pursuant to Civ.R. 60(B) and in accordance with the parties' mediated agreement." On June 19, 2019, the trial court denied the motion as moot, based on the trial court's Loc.R. 17(A), which provides, "Filing of a satisfaction of judgment entry with the Clerk of Court approved by plaintiff or plaintiff's attorney of record will satisfy judgments of this Court."

3.

{¶ 10} On July 18, 2019, Ostrander filed a motion asking the trial court to reconsider its denial of her motion to vacate the default judgment and dismiss without prejudice, arguing the parties had agreed to vacate the judgment as part of settlement, and WSC's filing of a satisfaction of judgment and release of lien was "malicious" and in "direct violation" of the parties' agreement. The trial court denied the motion.

{¶ 11} On July 29, 2019, Ostrander filed an appeal of the trial court's judgments entered November 4, 2015, November 17, 2017, and June 19, 2019.[1] WSC responded by arguing the 2015 and 2017 judgments are beyond the time for appeal. WSC also requested sanctions against Ostrander, arguing her appeal is frivolous and barred by the parties' mediated settlement. Ostrander filed no response to WSC's request for sanctions.

### III. Assignments of Error

{¶ 12} Appellant raises the following assignments of error:

<u>FIRST ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED WHEN IT DENIED DUE PROCESS UNDER THE FOURTEENTH. [sic] AMENDMENTWHEN NOTIFIED OF MAILING ERROR[.]

<u>SECOND ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ABUSED ITS DESCRETION [sic] WHEN IT DENIED THE FACTS AND ENTERED A JUDGEMENT [sic] WHILE

---

[1] The notice of appeal indicates appeal of a judgment on June 19, 2018, but this appears to be a typographical error.

4.

DEFENDANT OSTRANDER WAS IN CHAPTER 13 BANKRUPTCY PROCEDDINGS [sic].

THIRD ASSIGNMENT OF ERROR

THE TRAIL [sic] COURT GROSSLY ABUSED ITS DESCRETION [sic] WHEN IT STATED THAT DEFENDANT OSTRANDER HAS COME FORWARD WITH NOTHING MORE THAN HER SELF-SERVING ALLEGATIONS.

FOURTH ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO VACATE WHEN PROOF WAS ISSUED THAT THE SERVICE WAS SIGNED BY THE BUSINESS "STOP & GO" LOCATED AT 9140 ANGOLA RD. HOLLAND AND WAS NOT A REPRSENTATIVE [sic] OF DEFENDANT[.]

FIFTH ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT FAILED TO HONOR THE MEDIATED AGREEMENT AND FOUND THE ACTION MOOT. [sic] FOR THIS CAUSED ME LOSS OPPORTUNITIES AS WELL AS FINANICAL LOSS[.]

SIXTH ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT FORCED THE PLAINTIFF TO FILE A PAID/SATISFIED VS. A VACATE PER THE MEDIATED AGREEMENT[.]

## A. Limitations of the Present Appeal

{¶ 13} As an initial matter, we note that Ostrander is attempting to appeal judgments from 2015 and 2017, well beyond the time to assert an appeal of those judgments, and after Ostrander and WSC entered into a settlement of the issues in dispute, relative to those judgments. Accordingly, even if the appeal were timely, appeal of these judgments is moot.

{¶ 14} "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even move for vacation of judgment." *Lynch v. Bd. of Ed. of City School Dist. of City of Lakewood*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus.

{¶ 15} Ostrander's first, second, third, and fourth assignments of error challenge the validity of the judgment entered against her in November 2015. As Ostrander voluntarily paid and satisfied the judgment, ending the controversy, she may no longer appeal that judgment. Her voluntary payment rendered the appeal moot. *Lynch* at paragraph three of the syllabus. Ostrander's first, second, third, and fourth assignments, accordingly, are deemed moot.

{¶ 16} Ostrander's fifth and sixth assignments of error challenge the trial court's denial of her motion to vacate the judgment, pursuant to the parties' mediated settlement

6.

agreement. Therefore, these assignments of error are the only issues that potentially remain for our review and are the issues that we address.

## B. Relief from Judgment

{¶ 17} The trial court denied Ostrander's motion to vacate the default judgment after she voluntarily satisfied the judgment, and after WSC filed a satisfaction of judgment and release of the judgment lien. We review the denial of a Civ.R. 60(B) motion seeking relief from judgment for an abuse of discretion. *Strack v. Pelton,* 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Griffey v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An "abuse of discretion" requires a finding beyond an error of judgment, and contemplates unreasonable, arbitrary, or unconscionable conduct by the trial court. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 18} Here, Ostrander sought to vacate the judgment and dismiss the case *without prejudice,* arguing the judgment was no longer equitable based on her payment and satisfaction of the amount in controversy. The trial court deemed the motion moot and denied the requested relief. This decision is supported by law and we find no abuse of discretion.

{¶ 19} The provision for relief under Civ.R. 60(B)(4), because the judgment "is no longer equitable" is intended "to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *Knapp v. Knapp*, 24 Ohio St.3d 141, 146, 493 N.E.2d 1353 (1986). Here, Ostrander controlled the circumstances and voluntarily satisfied the judgment, ending the controversy between

7.

the parties. Furthermore, vacating a satisfied judgment and dismissing WSC's complaint without prejudice would not afford Ostrander the relief she arguably seeks, redress for any harm to her credit rating resulting from the collection complaint, which she has now paid in full.

{¶ 20} Accordingly, we find Ostrander's fifth and sixth assignments of error, relative to the trial court's denial of her motion to vacate the judgment, not well-taken.

### IV. Sanctions

{¶ 21} Finally, we address WSC's request for sanctions pursuant to App.R. 23, which permits an award of reasonable expenses, including attorney fees and costs, should we "determine that an appeal is frivolous." "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." *Talbott v. Fountas*, 16 Ohio App.3d 226, 475 N.E.2d 187 (10th Dist.1984), paragraph one of the syllabus.

{¶ 22} While Ostrander's attempt to appeal the 2015 and 2017 judgments was untimely and rendered moot by her voluntary payment of the 2015 judgment, the trial court's 2019 decision on her Civ.R. 60(B) motion constituted a final, appealable order. *See e.g. Colley v. Bazell,* 64 Ohio St.2d 243, 245, 416 N.E.2d 605 (1980) ("[I[t is well settled that a judgment denying a motion for relief from judgment filed pursuant to Civ.R. 60 (B) is itself a final appealable order.").

{¶ 23} Ostrander appealed the trial court's judgment, denying her Civ.R. 60(B) motion. While Ostrander failed to seek remand to the trial court, WSC agreed with Ostrander in seeking relief in accordance with Ostrander's motion to vacate the default

8.

judgment. Specifically, WSC prepared the initial draft of the parties' joint motion seeking to vacate the default judgment and dismiss the complaint, and the denial of this relief is the issue Ostrander raised on appeal. To argue frivolous conduct in reference to an appeal seeking relief for which the parties were in agreement seems disingenuous, in the least. We find WSC's request for sanctions, therefore, not well taken.

## V. Conclusion

{¶ 24} For the forgoing reasons we affirm the judgment of the Sylvania Municipal Court, and deny the request for sanctions pursuant to App.R. 23. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE
Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
_____
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

9.