CITY OF ATHENS, APPELLEE, *v.* WARTHMAN ET AL., APPELLANTS.

92

*Messrs. Lavelle & Yanity,* for appellant.
*Mr. James F. Shumaker,* for appellee.

STEPHENSON, J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Athens County vacating a prior order of the court allowing interest to the landowners, appellants herein, upon an award in favor of appellants in an urban renewal appropriation proceeding.

The verdict of the jury, in the sum of $40,000, was returned on February 28, 1968, and journalized on March 5, 1968.  No deposit of the award was made by the city of Athens, appellee herein, because an appeal was instituted to this court by the city of Athens.  By entry of January 9, 1969, this court affirmed the judgment below.  On January 23, 1969, the city of Athens deposited the sum of $40,000.  Possession of the premises was not relinquished until subsequent to January 23, 1969.

On January 24, 1969, the landowners filed a motion for the allowance of interest from 21 days after the date of journalization of the jury verdict, *i. e.,* March 5, 1968, until the date of the deposit of award, *i. e.,* January 23, 1969.  The trial court allowed such motion but subsequently vacated the order, the vacation of which gives rise to this appeal.

The appropriation procedure followed in this case was pursuant to R. C. chapter 163.  Chapter 163, effective January 1, 1966, was a consolidation and revision of eminent domain procedures for the uniform appropriation of property

by private and public authorities possessing such power, subject to exceptions for certain agencies inapplicable here. The former statutory procedure for municipal appropriations was repealed on the effective date of the new act. Since the purpose of the appropriation herein was for purposes other than road construction, possession under the Ohio Constitution and R. C. 163.06 was available to appellees only after a jury determination and deposit of the award.

Primary authority for appropriation of private property for public use in Ohio is set forth in Section 19, Article I of the Ohio Constitution which provides in part:

"Private property shall ever be held inviolate, but subservient to the public welfare. * * * Where private property shall be taken for public use, a compensation therefore shall first be made in money, or first secured by a deposit of money * * *."

The Ohio Supreme Court has required that "compensation" be interpreted to mean "full compensation" and the payment of interest constitutionally required from the date that the condemning authority takes *possession* of the property until the property owner is paid. *Atlantic & Great Western Ry.* v. *Koblentz,* 21 Ohio St. 334; *Cincinnati* v. *Whetstone,* 47 Ohio St. 196; *Longsworth* v. *Cincinnati,* 48 Ohio St. 637; *State, ex rel.,* v. *Merrell,* 127 Ohio St. 453; *Bethesda Hospital Assn.* v. *Preston,* 175 Ohio St. 277; *Cincinnati* v. *Dale,* 20 Ohio St. 2d 32.

The controlling principle of the rule that interest constitutionally must be paid on the award is that it shall commence from the date the owner loses the use of his property. It follows, as a concomidant of the rule, that if possession has not been taken by the condemnor prior to the award, no interest is constitutionally required. *Cincinnati* v. *Dale, supra; Kettering* v. *Johnson,* 116 Ohio App. 302; *Cincinnati* v. *Smallwood,* 106 Ohio App. 496.

Prior to the adoption of Chapter 163, the Legislature had enacted no statutes dealing with the question of interest upon an award. Kirkwood, Ohio Uniform Eminent Domain Act, Section 17. We presume that the Legislature

enacted R. C. 163 with a knowledge of the Ohio Supreme Court decisions as to the requirement of interest. See *State* v. *Berry,* 8 Ohio App. 2d 72.

R. C. 163.17 is titled "interest payable on verdict," and provides in its pertinent parts:

"Where the agency has the right to take possession of the property before the verdict upon payment into court of a deposit, and a portion of said deposit may be withdrawn immediately by the owner, the amount of the verdict which exceeds the portion of the deposit withdrawable shall be subject to interest from the date of taking to the date of actual payment of the award.

"Where the agency has no right to take possession of the property before the verdict, if the award is not paid to the owner or deposited in court within twenty-one days after journalization of the verdict, interest thereafter shall accrue, except that where the owner appeals, interest shall not accrue until the agency takes possession.

"If the owner appeals and is granted a larger award, interest shall be paid on the additional amount awarded from the date of taking possession to the date of actual payment or date of deposit with immediate right of withdrawal.

"If the agency wishes to appeal, it may require the deposit to remain with the court pending final disposition of the case provided it pays interest on the final award from date of taking possession to the date the money is actually paid or made available to the owner; provided, the owner may withdraw the entire award upon posting an appropriate refund bond set by the court; and provided, that where a building or other structure is taken, the court may, on application of the owner, permit the owner to withdraw a reasonable portion of the award allocable to the building without giving bond."

It is evident that in the case where an agency may take possession prior to a jury determination of the award and, also, where possession may not be taken prior to deposit of the award, that the constitutional right of interest from time of possession has been recognized and required.

It is also evident to us that what the Legislature has

created by the second paragraph of R. C. 163.17 is the additional statutor; right to interest on the award commencing twenty-one days after entry irrespective of when possession is taken by the agency, subject, however, to the limitations otherwise provided in the section. The legislative intent in the enactment of such a rule is readily perceivable. It not only assures more prompt action on the part of the condemnor, but more importantly, it is a legislative recognition that as stated in *North Coast R. Co.* v. *Aumiller*, 61 Wash. 271, 275, 112 P. 384, 385, that "from the time of the award, he [*i. e.*, the owner] is practically deprived of his right to dispose of the land. His possession is precarious, liable to be terminated at any time; he cannot safely rent; he cannot safely improve; if he sows he cannot be sure he will reap."

With respect to the authority of the Legislature to enact such a provision, a leading writer states:

"There is one limit upon the power of the Legislature to fix the *punctum temporis* in the case of interest; it cannot be later than the time of actual dispossession. It may be earlier, since possession is only one of the elements of value in ownership, and the right to sell or rent the property is practically cut off with the formal taking. If frequently is earlier, since, in accordance with the usual rules of law, interest ordinarily begins to run when the taking is complete and the damages are payable." 3 Nichols, Eminent Domain, Section 8.63(1).

A consideration of the statutory scheme of allowance of interest contemplates, by our view, that the agency deposit the award after verdict and before appeal. Thus, the running of statutory interest upon the award under paragraph two of R. C. 163.17 is inapplicable when a deposit is made and the agency requests it to be withheld—it being required only to pay interest upon the award from the taking of possession until payment or deposit. When this is done the owner may, by posting a refund bond, secure all the deposit or in those situations where a structure is taken, withdraw a reasonable portion of the award allocable to the building without giving bond.

In order for the condemnor to have the advantage of

the fourth paragraph of R. C. 163.17, it is a prerequisite that the deposit be made. The city of Athens seeks the benefit of the statute without the deposit and its availability to the owner. It is our conclusion that if no deposit is made, interest will accrue under the second paragraph until the deposit is made.

Appellee urges, in support of the view that no interest should be allowed, that R. C. 163.21 allows the condemnor to abandon the proceedings within ninety days after final determination if possession has not been taken and this right would be impaired or destroyed if interest were allowed. We are not persuaded that such a result follows since the award would not be payable if abandonment occurred and interest on the award likewise would not be payable. See 27 American Jurisprudence 2d, Eminent Domain, Section 466. In any event no abandonment occurred herein.

We are of the view the conclusion reached here is required by R. C. 163.17 and is fair and just to both the city of Athens and the owners. The city, if no appeal is contemplated and possession has not occurred, may pay the award within 21 days with no interest. If it desires to appeal, it may deposit the award and pay interest only *from* the date of possession. The owner, by virtue of R. C. 163.15, having lost title to his property upon journalization of the final entry and retaining only the right to possession until deposit is made, is to receive monetary compensation in the form of interest for the loss of the other attributes of ownership until a deposit is made.

This court finding that error prejudicial to appellant intervened below in the denial of interest, the judgment is reversed and the cause remanded.

*Judgment reversed.*

GRAY, P. J., and ABELE, J., concur.