JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Timothy Barnick ("defendant"), appeals pro se from his conviction in the Garfield Heights Municipal Court for disorderly conduct, a minor misdemeanor. Defendant challenges the sufficiency of the evidence and claims that the trial court erred by allowing the City to amend the indictment on the day of trial from a charge of criminal trespass to disorderly conduct. For the reasons that follow, we vacate the conviction and discharge the defendant.
 {¶ 2} The charge against defendant stemmed from his conduct at Sunrise Pointe Care Rehabilitation Center ("Sunrise Pointe"), where his father, Richard, was a resident. Richard suffered from dementia and had a court-appointed guardian. It is undisputed that Richard was required to remain at the facility and that defendant's visitation with his father was restricted to three hours a week during specified time frames.
 {¶ 3} On November 4, 2005, Richard telephoned defendant, insisting he wanted to go home. Defendant became concerned for Richard's safety and went to Sunrise Pointe to check on him. According to Ms. Johnson, the admissions and marketing director at Sunrise Pointe, Richard was already upset when defendant arrived. But, rather than trying to assist in calming Richard down, Ms. Johnson claims that defendant exacerbated the situation by telling Richard he could go home. Defendant denied saying this. Ms. Johnson further maintained that defendant refused her request to leave the premises and remained there until the police arrested him for criminal trespass.
 {¶ 4} Defendant was charged with violating Ohio Revised Code Section2911.21, criminal trespass, a misdemeanor of the fourth degree. On the date of trial and over defendant's objection, the trial court permitted the City to amend the charge to a violation of Ohio Revised Code Section, 2917.11, disorderly conduct, a minor misdemeanor.
 {¶ 5} Following trial, the court found defendant guilty of disorderly conduct but suspended fines and costs. The defendant now appeals, asserting two assignments of error for our review. The second assignment of error is dispositive of this appeal.
 {¶ 6} "II. The court did not provide defendant a proper chance to defend."
 {¶ 7} According to Crim.R. 7(D), "[t]he court may at anytime before, during, or after the trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence,provided no change is made in the name or identity of the crimecharged." Emphasis added.
 {¶ 8} This Court has previously held that under Crim.R. 7(D), the original indictment can be amended during trial if the amended charge is a lesser included offense of the original charge. State v. Briscoe
(1992), 84 Ohio App.3d 569, citing State v. Deem (1988),40 Ohio St.3d 205.
 {¶ 9} In Deem, the syllabus states the test for whether an offense is a lesser included offense of another:
 {¶ 10} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 11} The City maintains that disorderly conduct, in violation of R.C. 2917.11(A)(5), is a lesser included offense of criminal trespass, R.C. 2911.21. However, when the elements of these offenses are compared under the criteria of the Deem test, it is evident that R.C.2917.11(A)(5) is not a lesser included offense of R.C. 2911.21.
 {¶ 12} R.C. 2917.11(A)(5) provides:
 {¶ 13} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 {¶ 14} "* * *
 {¶ 15} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful purpose of the offender."
 {¶ 16} R.C. 2911.21 provides:
 {¶ 17} "(A) No person, without privilege to do so, shall do any of the following:
 {¶ 18} "(1) Knowingly enter or remain on the land or premises of another;"
 {¶ 19} The offense of criminal trespass can be committed without committing a violation of R.C. 2917.11(A)(5). In other words, one can be on another's property without recklessly causing, inconvenience, annoyance, or alarm to another by creating a condition that is physically offensive or presents a risk of physical harm to persons or property. Criminal trespass requires only that the person knowingly be or remain on the property of another without permission. The second prong of the Deem test is not met. The elements of the two offenses as set forth above are entirely different.
 {¶ 20} Defendant objected to the amendment. Because disorderly conduct is not a lesser included offense of criminal trespass, the amendment of the charges changed the identity of the offense and thus violated Crim.R. 7(D). Accordingly, Assignment of Error II is sustained and defendant's conviction for disorderly conduct is vacated. Accord,State v. West (1988), 52 Ohio App.3d 110, citing State v. Taylor (1982),8 Ohio App.3d 364.
 {¶ 21} "I. The court erred in finding appellant guilty of disorderly conduct."
 {¶ 22} The disposition of Assignment of Error II renders Assignment of Error I moot. App.R. 12(A)(1)(c).
Judgment vacated; defendant discharged.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution. Case remanded to the trial court for further proceedings.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and CHRISTINE T. McMONAGLE, J., CONCUR