[Cite as *Ohio Power Co. v. Ogle*, 2013-Ohio-1745.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| OHIO POWER COMPANY, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA14 |
| | : | |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| CHARLES R. OGLE, et al., | : | <u>ENTRY</u> |
| | : | |
| Defendant-Appellants. | : | **Released: 04/19/13** |

_____
<u>APPEARANCES:</u>

Charles R. and Melanie A. Ogle, Rockbridge, Ohio, Appellants, pro se.

Bryan L. Buzby, Porter Wright Morris & Arthur, LLP, Columbus, Ohio, for Appellee.
_____

McFarland, P.J.

{¶1} Appellants, Charles and Melanie Ogle, appeal the decision of the Hocking County Court of Common Pleas concluding their appropriation action and denying several of their pending motions, without calculating and requiring Appellee to pay post-judgment interest on the jury award. On appeal, Appellants contend that the trial court 1) erred to their prejudice in denying their pending motion for distribution and interest in the appropriation case; 2) erred as a matter of law in concluding this action prior to and without the court's calculation and Appellee's deposit of interest on

the jury award in the appropriation case; 3) erred to their prejudice in denying their pending motion for attorney's fees; 4) erred as a matter of law in concluding the action prior to and without awarding them attorney's fees; 5) erred to their prejudice in denying their pending motion for compensation of personal property, which they claim was stolen by Appellees; and 6) abused its discretion in denying their pending motion for sanctions against Appellee.

{¶2}  In light of our finding that Appellants were not entitled to post-judgment interest on the jury verdict under R.C. 163.17, Appellants' first and second assignments of error are overruled.  Because we have determined that Appellants' motion for attorney's fees and sanctions related to the contempt proceedings was untimely, Appellant's third and fourth assignments of error are overruled.  Finally, as we have determined that the arguments raised under Appellants' fifth and sixth assignments of error were moot in part, and barred by res judicata in part, these assignments of error are also overruled.  Accordingly, the decision of the trial court is affirmed.

FACTS

{¶3}  Appellee, Ohio Power Company, commenced this action in June 2007 to obtain an easement across real property owned by Appellants, Charles and Melanie Ogle. Appellee sought the easement in order to install a

power line which would serve a communications tower being constructed on property adjacent and to the south of Appellants' property. Pursuant to R.C. 163.09, the trial court bifurcated the matter, first holding a hearing to determine if the proposed easement was a public necessity and reserving for later the issue of compensation.

{¶4} Appellee's easement would be approximately 1,500 feet long and 30 feet wide, constituting approximately one acre in total. After a full hearing on the matter, the trial court determined the taking was necessary. Subsequently, a jury trial was held to determine the amount of compensation Appellants would receive for the easement and for the damage to the residue. Ultimately, the jury awarded Appellants $4,000 for the market value of the granted easement and $50,000 for damages to the residue of the property. The trial court entered its final judgment entry in the case on December 11, 2008.

{¶5} Both parties appealed the trial court's decision to this Court. During the pendency of the appeal, Appellants moved multiple times to stay execution of judgment. On April 4, 2009, after all stays had expired, Appellee deposited the $54,000.00 jury award with the clerk of courts. It appears that the money was not immediately released to Appellants, but rather stayed on deposit with the clerk. This Court affirmed both the

granting of the easement and the award of compensation in a decision issued on November 3, 2009. *Ohio Power Co. v. Ogle*, 4th Dist. Nos. 09CA1, 09AP1, 2009-Ohio-5953. Appellants then appealed our decision to the Supreme Court of Ohio, but the Court denied the appeal.

{¶6} Meanwhile, On August 6, 2009, while the initial appeal was still pending, Appellee moved to compel Appellants to show cause for contempt of court. Appellants also moved for an injunction restraining Appellants from interfering with the trial court's final judgment. Appellee claimed that Appellants had totally blocked access to the granted easement, thus preventing preparations for the installation of the power line. On August 12, 2009, the trial court conducted a hearing on Appellee's motion. After a full hearing, including post-hearing briefs, the court found Appellants in contempt.

{¶7} Ohio Power subsequently moved for attorney's fees and damages in the amount of $25,136.78, related to the contempt of court. After this Court's decision was released affirming the easement and award of compensation, on December 9, 2009, the trial court went ahead and ordered distribution of $28,863.22 of the $54,000.00 jury award be made to Appellants, but ordered the balance of $25,136.78 be retained by the clerk pending the resolution of the contempt proceedings. Then, on June 22,

2010, the court entered judgment against Appellants in the amount of $25,136.78, as sanctions in the contempt proceedings. When Appellants did not pay the judgment within thirty days, the clerk distributed $25,136.78 to Appellee pursuant to the court's order.

{¶8} Appellant subsequently appealed the finding of contempt and the award of sanctions. In a decision dated July 27, 2011, this Court reversed the trial court's contempt finding and remanded the matter to the trial court. *Ohio Power Company v. Ogle*, 4th Dist. No. 10CA13, 10AP13, 2011-Ohio-3903. On August 5, 2011, Appellants then began filing the first of what would become a series of post-remand motions. Specifically, Appellants filed a motion for distribution and interest on August 5, 2011, a motion for attorney's fees and sanctions on June 5, 2012, and a motion for compensation and additional sanctions on July 3, 2012.

{¶9} The record indicates that as a result of there being a visiting judge, the trial court did not become aware of and did not act on this Court's remand order until June 15, 2012. Subsequently, on June 27, 2012, the trial court issued an entry ordering Appellee to "forthwith deposit with the Clerk of Court the sum of $25,136.78[,]" noting that Appellee had made a deposit of $12,451.45 on June 26, 2012, and ordering that Appellee deposit the remaining sum of $12,685.33. Appellee, though it disputed the amount it

should return to Appellants because of sanctions ordered against Appellants in another, related case, deposited the rest of the money as ordered by the court, on July 12, 2012.

{¶10} Finally, on July 20, 2012, the trial court issued a final, judgment entry finding that distribution had been completed by the clerk and that the action had been concluded. In its entry, the trial court expressly denied all pending motions. It is from this decision that Appellants now bring their timely appeal, assigning the following errors for review.

## ASSIGNMENTS OF ERROR

I.    THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS IN DENYING DEFENDANTS' PENDING MOTION FOR DISTRIBUTION AND INTEREST IN THIS APPROPRIATION CASE.

II.   THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THIS ACTION PRIOR TO AND WITHOUT THE COURT'S CALCULATION AND PLAINTIFF'S DEPOSITING OF INTEREST ON THE JURY AWARD IN THIS APPROPRIATION CASE.

III.  THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS IN DENYING DEFENDANTS' PENDING MOTION FOR ATTORNEY FEES IN THIS APPROPRIATION CASE.

IV.   THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THIS ACTION PRIOR TO AND WITHOUT DEFENDANTS BEING AWARDED ATTORNEY FEES IN THIS APPROPRIATION CASE.

V.    THE TRIAL COURT ERRED TO THE PREJUDICE OF
      DEFENDANTS IN DENYING DEFENDANTS' PENDING
      MOTION FOR COMPENSATION OF PERSONAL PROPERTY
      OF DEFENDANTS STOLEN BY PLAINTIFF.

VI.   THE TRIAL COURT ABUSED ITS DISCRETION TO THE
      PREJUDICE OF DEFENDANTS IN DENYING DEFENDANTS'
      PENDING MOTIONS FOR SANCTIONS AGAINST
      PLAINTIFF FOR INTENTIONAL MISREPRESENTATION TO
      THE COURT, IGNORING THIS COURT'S AUGUST 12, 2009
      HEARING INSTRUCTIONS AND OHIO LAW IN REGARD TO
      NOTICE OF ENTRY ONTO AGRICULTURAL LAND, AND
      FOR STEALING DEFENDANTS' PERSONAL PROPERTY.

ASSIGNMENTS OF ERROR I AND II

{¶11} Appellants' first and second assignments of error challenge the trial court's decision denying their motion for distribution and concluding the action prior to calculating post-judgment interest on their $54,000.00 jury award. Because Appellants argue these two assignments of error together, and because the same legal principles apply to both assignments of error, we have combined them for ease of analysis.

{¶12} Initially, we note that Appellants' motion for distribution of the jury award has arguably been rendered moot to the extent that it requested that the $54,000.00 jury award on deposit with the clerk of courts to be distributed. A review of the record indicates that $28,863.22 of the $54,000.000 was distributed by the clerk to Appellants on January 4, 2010. The remaining $25,136.78 had already been distributed to Appellants when

the trial court issued its final entry on July 20, 2012.  Thus, at the time the action was concluded, distribution of the $54,000.00 jury award had been made to Appellants and the issue of distribution, in general, was moot.

{¶13}  This observation leads us to another issue of importance, which is Appellee's argument that Appellants' acceptance of the complete distribution of the $54,000.00 jury award constitutes a satisfaction of judgment, thereby rendering Appellants' appeal moot.  The Supreme Court of Ohio, in *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249, stated as follows:

> "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot.  '
> "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." ' *Rauch v. Noble* (1959), 169 Ohio St. 314, 316, 8 O.O.2d 315, 316, 159 N.E.2d 451, 453, quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.* (1927), 116 Ohio St. 361, 156 N.E. 188, paragraph three of the

syllabus. See, also, *Seifert v. Burroughs* (1988), 38 Ohio St.3d

108, 526 N.E.2d 813.”

**{¶14}** This Court has since adhered to the reasoning espoused by the

*Blodgett* Court. See *Slovak v. University Off-Campus Housing*, 4th Dist. No.

99CA50, 2000 WL 680479, *1 (May 19, 2000) (deciding not to address the

merits of appellant's claim where record indicated court's judgment had

been satisfied); see also *Atlantic Veneer Corp. v. Robbins*, 4th Dist. No.

03CA719, 2004-Ohio-3710, ¶ 8 and 17 (acknowledging the holding in

*Blodgett* and also adhering to our prior reasoning in *Slovak* “that satisfaction

of a judgment renders an appeal moot where an appellant may preserve her

appeal rights by seeking a stay of execution pending appeal.). Although

several stays were granted early on in this litigation, any and all stays had

expired and there was no pending request for a stay at the times when

Appellants accepted the distributions of the jury award from the clerk of

courts. Nonetheless, in light of the long history of this case and in the

interests of justice, we will address Appellants appeal on the merits to the

extent these issues have not been rendered moot for other reasons, as noted

above and which we will discuss more fully as needed below.

**{¶15}** In addition to requesting distribution of the $54,000.00 jury

award, Appellants' trial court motion also requested that interest on the jury

award be calculated and distributed as well. Having already determined

Appellants' motion is moot with respect to the distribution of the

$54,000.00, we limit our review to the question of whether Appellants were

entitled to post-judgment interest on the jury award. Thus, we turn our

attention to the applicable law which governs the accrual of interest in

appropriation proceedings.

{¶16} The appropriation procedure followed in this case was pursuant

to R.C. Chapter 163, which governs the appropriation of property. R.C.

163.17 governs the accrual of interest in an appropriation action. Because

this assignment of error calls for us to review a legal question, we review it

de novo. *Ohio Dept. of Natural Resources v. Hughes*, 145 Ohio App.3d 202,

206, 762 N.E.2d 422 (6th Dist. 2001); citing *Castlebrook, Ltd. v. Dayton

Properties L.P.*, 78 Ohio App.3d 340, 346, 604 N.E.2d 808, 811-812 (1992).

R.C. 163.17 provides, in pertinent part, as follows:

> "Where the agency has no right to take possession of the
>
> property before the verdict, if the award is not paid to the owner
>
> or deposited in court within twenty-one days after
>
> journalization of the verdict, interest thereafter shall accrue,
>
> except that where the owner appeals, interest shall not accrue
>
> until the agency takes possession."

{¶17} To award interest under R.C. 163.17, the trial court must determine certain dates, including the date that the agency took possession of the property and the date that the landowner was paid. *Ohio Dept. of Natural Resources v. Hughes* at 210. Here, the trial court denied Appellants' motion without citing its reasoning. Thus, we look to the record to determine the pertinent dates to be considered in determining this issue.

{¶18} According to its plain language, R.C. 163.17 provides that interest begins to accrue if payment is not made within twenty-one days after the verdict. However, it also provides that where a landowner appeals, "interest shall not accrue until the agency takes possession." R.C. 163.17. Further, after interest begins to accrue, it stops accruing when an agency places the funds on deposit with the clerk. *Ohio Dept. of Natural Resources v. Hughes* at 21. Further, in *City of Athens v. Warthman*, 25 Ohio App.2d 91, 266 N.E.2d 583, we reasoned as follows with respect to the accrual of post-judgment interest when funds had been placed on deposit with the clerk:

> "[T]he running of statutory interest upon the award * * * is
>
> inapplicable when a deposit is made and the agency requests it
>
> to be withheld-it being required only to pay interest upon the
>
> award from the taking of possession until payment or deposit."

{¶19} Here, Appellants obtained a jury verdict in the amount of $54,000.00 against Appellee on December 11, 2008. Appellee deposited $54,000.00 with the clerk of courts on April 1, 2009; thus, the jury award was not deposited within twenty-one days after the verdict. However, Appellant filed an appeal of the trial court's decision. As such, interest did not begin to accrue at that time.

{¶20} This Court issued a decision affirming the appropriation of Appellants' property, as well as the amount of the jury award on November 3, 2009. However, as indicated above, while that appeal was pending and after all stays had expired, on August 6, 2009, Appellee filed a contempt action against Appellants claiming they had blocked access to the appropriated easement when Appellee had tried to take possession in order to begin the tree removal process. Appellee alleged it had incurred expenses and attorney's fees of $25,136.78 in connection with pursuing the contempt matter. Throughout the appeal, and until the contempt proceedings were decided at the trial court level, the $54,000.00 remained on deposit with the clerk.

{¶21} Meanwhile, after our decision affirming the jury award was issued on November 3, 2009, the trial court approved a distribution in the amount of $28,863.22 to Appellants, but it ordered that the remainder of the

$54,000.00, or $25,136.78, be held pending resolution of the contempt matter. After finding Appellant in contempt, the trial court ordered Appellants pay $25,136.78 to Appellee as sanctions for their contempt within thirty days. When Appellants did not pay the sanctions, the $25,136.78 still on deposit with the clerk was distributed to Appellee per the trial court's order. Appellant again appealed.

{¶22} As set forth above, this Court reversed the trial court's decision finding Appellants in contempt by decision dated July 27, 2011. Our decision made no express finding or directive related to the $25,136.78 that had been awarded to Appellee as part of the contempt proceedings. Further, it appears due to a visiting judge situation in the lower court after the matter was remanded, the trial court was not made aware of the contempt reversal or our remand order until June 15, 2012.

{¶23} As a result, on June 27, 2012, the trial court ordered Appellee to forthwith deposit $25,136.78 with the clerk of courts. As indicated above, Appellee had already deposited $12,451.45 with the clerk of courts the day before. The remaining $12,685.33 was deposited on July 12, 2012. Although the record does not specify when the $25,136.78 was distributed to Appellants, it appears it must have been distributed sometime after July 12,

2012, and before July 20, 2012, when the trial court issued its final entry noting distribution had been completed by the clerk.

{¶24} Thus, the record reveals that Appellants appealed the initial appropriation action, and thus, interest would not have begun to accrue until Appellee took possession. However, prior to attempting to take possession, and while the initial appeal was still pending, Appellee placed the jury award on deposit with the clerk of courts. These funds stayed on deposit until a portion was awarded back to Appellee as a subsequent contempt sanction against Appellants. Then, nearly immediately after the trial court ordered it to re-deposit the funds upon our reversal and remand of the contempt finding, Appellee complied, re-deposited the funds, and the funds were distributed to Appellants. Based upon our consideration of the facts herein, in light of the applicable statute as well as the above cited case law, we find Appellants were not entitled to post-judgment interest in this matter. Therefore, Appellant's first and second assignments of error are overruled and the decision of the trial court is affirmed.

## ASSIGNMENTS OF ERROR III AND IV

{¶25} Appellants' third and fourth assignments of error challenge the trial court's decision denying their motion for attorney's fees and conclusion of the action without awarding attorney's fees. Because Appellants argue

these two assignments of error together, and because the same legal principles apply to both assignments of error, we have combined them for ease of analysis.

{¶26} Although the wording of Appellants' assignments of error suggests that they requested attorney's fees for the entire appropriation action, a review of the record indicates that the motion for attorney's fees and sanctions Appellants filed in the trial court requested attorney's fees and sanctions related to the filing of a "frivolous motion for contempt[,]" and for Appellee's "intentional misrepresentation to [the] Court in a hearing on December 9, 2009 that [Appellee] had complied with the road work permit requirement for Donaldson road, in order to secure an order for sanctions against [Appellants] and to withhold the appropriation award in this case." Thus, our review is limited to whether Appellants were entitled to attorney's fees, as a sanction for frivolous conduct by Appellee with respect to Appellee's filing of a contempt action against Appellants, which claimed Appellants were blocking access to their appropriated easement.

{¶27} Appellants cite no authority in support of their claim for attorney's fees or sanctions on appeal. Further, the argument portion of their brief under these assignments of error contains no actual legal arguments, but rather simply catalogues a long list of alleged factual and legal

conclusions, many of which challenge the validity of the original appropriation action, which was already considered and upheld on appeal. Nonetheless, we note that R.C. 2323.51 governs the award of attorney's fees as a sanction for frivolous conduct, which appears to be the rationale upon which Appellants base their claims.

R.C. 2323.51(A)(2) defines "frivolous conduct" to mean:

"(a) Conduct of [a] * * * party to a civil action, * * * or of the * * * party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically

so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

{¶28} R.C. 2323.51(B) authorizes a trial court to award attorney's fees to any party adversely affected by frivolous conduct; however, section (B)(1) specifies that a party make a motion for such award "not more than thirty days after the entry of final judgment in a civil action or appeal."

{¶29} Courts must carefully apply R.C. 2323.51 " 'so that legitimate claims are not chilled.' " *Burchett v. Larkin*, 192 Ohio App.3d 418, 2011-Ohio-684, 949 N.E.2d 516, ¶ 20 (4th Dist.); quoting *Hickman v. Murray*, 2nd Dist. No. CA15030, 1996 WL 125916, *5 (Mar. 22, 1996). As we noted in *Burchett*, the *Hickman* court explained that:

> "A party is not frivolous merely because a claim is not well-grounded in fact. *Richmond Glass & Aluminum Corp. v. Wynn* (Sept. 5, 1991), Columbiana App. No. 90-C-46, [1991 WL 172902, at *2]. Furthermore, the statute was not intended to punish mere misjudgment or tactical error. *Turowski v.*

*Johnson* (1991), 70 Ohio App.3d 118, 123 [590 N.E.2d 434], quoting *Stephens v. Crestview Cadillac* (1989), 62 [64] Ohio App.3d 129, 134 [580 N.E.2d 842]. Instead, the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action. *Turowski v. Johnson* (1990), 68 Ohio App.3d 704, 706 [589 N.E.2d 462].

**{¶30}** Whether a claim is warranted under existing law is an objective consideration. *Lewis v. Celina Fin. Corp.* (1995), 101 Ohio App.3d 464, 473 [655 N.E.2d 1333], citing *Ceol v. Zion Indust. Inc.* (1992), 81 Ohio App.3d 286, 291 [610 N.E.2d 1076]. The test, we find, is whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." Id.

**{¶31}** We have held that the question of whether conduct is frivolous is a question of law that an appellate court independently reviews. *Burchett* at ¶ 22; see also *Passmore v. Greene Cty. Bd. of Elections*, 74 Ohio App.3d 707, 712, 600 N.E.2d 309 (2nd Dist. 1991); *Burns v. Henne*, 115 Ohio App.3d 297, 685 N.E.2d 294 (2nd Dist. 1996); *Wiltberger v. Davis*, 110 Ohio App.3d 46, 51, 673 N.E.2d 628 (10th Dist. 1996); *Tomb & Assoc., Inc. v.*

*Wagner*, 82 Ohio App.3d 363, 366, 612 N.E.2d 468 (2nd Dist. 1992).

However, if a reviewing court finds that the trial court's frivolous-conduct

finding is substantiated, the decision to award attorney's fees as a sanction

for that conduct rests within the trial court's sound discretion. Consequently,

we will not reverse a trial court's decision to award attorney's fees for

frivolous conduct under R.C. 2323.51 absent an abuse of that discretion.

*Burchett* at ¶ 22; citing *Riley v. Langer*, 95 Ohio App.3d 151, 159, 642

N.E.2d 1 (1st Dist. 1994), overruled on other grounds in *Riston v. Butler*, 149

Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, at ¶ 22, fn. 16 (1st

Dist.); *Blackburn v. Lauder* (Nov. 12, 1996), 4th Dist. No. 96CA5, 1996 WL

666658 (Nov. 12, 1996). An abuse of discretion connotes more than a mere

error of law or judgment; rather, it implies an unreasonable, arbitrary, or

unconscionable attitude on the part of the trial court. See, e.g., *Franklin Cty.*

*Sheriff's Dept. v. State Emp. Relations Bd.*, 63 Ohio St.3d 498, 506, 589

N.E.2d 24 (1992); *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum.*

*Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991).

{¶32} In the case sub judice, our review of the record indicates that

the trial court did not err in denying Appellants' motion for attorney's fees

and sanctions related to Appellee's contempt action.  Initially, we note that

Appellants did not file their motion for attorney's fees and sanctions until

June 5, 2012. As set forth above, R.C. 2323.51(B)(1) specifies that a party must make a motion for such award "not more than thirty days after the entry of final judgment in a civil action or appeal." As already indicated, Appellants' motion for attorney's fees and sanctions was related to Appellee's contempt action. The trial court issued a final, appealable order on August 31, 2009, finding Appellants in contempt. Appellants appealed that decision and this Court reversed the finding of the trial court in a decision dated July 27, 2011. Thus, Appellants motion for attorney's fees and sanctions, which wasn't filed until nearly a year after the appeal was decided was untimely filed and we need not reach the merits of Appellant's motion. As such, we find no error on the part of the trial court in denying Appellants' motion for attorney's fees and sanctions in relation to the contempt action.

{¶33} Further, as noted by the Tenth District in *Real Estate Appraisal, Inc. v. Starks*, et al., 10th Dist. No. 02AP-377, 2002-Ohio-6752, ¶ 27, R.C. 2323.51 does not require a trial court to conduct a hearing prior to denying a motion for attorney's fees. See also, *Ohio Dept. of Adm. Serv. v. Robert P. Madison Internatl., Inc.*, 138 Ohio App.3d 388, 399, 741 N.E.2d 551 (10th Dist. 2000); citing *Tosi v. Jones*, 115 Ohio App.3d 396, 401, 685 N.E.2d 580 (10th Dist. 1996). The trial court must only schedule a hearing on

those motions which demonstrate arguable merit. *Justice v. Lutheran Social Serv. of Cent.* Ohio, 79 Ohio App.3d 439, 444, 607 N.E.2d 537 (10th Dist. 1992). The trial court should examine the motion to determine whether it warrants an evidentiary hearing, and where the trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing. Id. See, also, *Pisani v. Pisani*, 101 Ohio App.3d 83, 87-88, 654 N.E.2d 1355 (8th Dist. 1995).  In light of our determination that Appellants' motion was untimely filed, we find no error on the part of the trial court in concluding the action without holding a hearing on Appellants' pending motion.

{¶34} Accordingly, we find Appellant's third and fourth assignments of error are overruled.

## ASSIGNMENTS OF ERROR V AND VI

{¶35} Appellants' fifth assignment of error challenges the trial court's denial of their "motion for compensation of personal property of defendants stolen by plaintiff."  Appellant's sixth assignment of error challenges the trial court's denial of their motion for additional sanctions, which was filed as part of their motion for compensation.  Because Appellants argue these two assignments of error together, we have combined them as well for ease of analysis.

{¶36} Appellants' arguments under these assignments of error essentially challenge the original appropriation action and determination of damages, which have already been considered on appeal. The brief also contains a re-argument of the issues that were covered during the contempt action, which were also already appealed. Thus, we find it helpful to instead consider the arguments raised in the actual trial court motion, in order to better understand Appellant's arguments on appeal, and to determine if there was error by the trial court in denying this motion.

{¶37} A review of the record indicates that Appellants' trial court "motion for compensation and additional sanctions" was essentially comprised of three arguments. First, Appellants argued they were entitled to "additional sanctions" against Appellee for Appellee's "intentional misrepresentation" to the court in its memorandum contra Appellants' motion for attorney's fees and sanctions that "this case is over," in support of their argument that Appellants were not entitled to attorney's fees. Having already determined that Appellants motion for attorney's fees and sanctions was untimely filed and thus, that the trial court did not err in denying the motion, we find this portion of Appellant's argument to be moot. Thus, we will not address it.

**{¶38}** Second, Appellants' motion argued that Appellee made intentional misrepresentations to the court regarding the notice of deposit filed after this Court reversed the contempt matter. Specifically, Appellant alleged that Appellee misrepresented to the court information related to sanctions awarded it as against Appellants in another related case. Again, to the extent that this argument related to Appellee's deposit of the $25,136.78 which had been previously awarded to it in the contempt matter, the issue has now been rendered moot.

**{¶39}** Appellants' motion for compensation and additional sanctions was filed on July 3, 2012. At that time, Appellees had filed a notice of deposit of $12,451.45, dated June 26, 2012, reasoning at the time that it was entitled to withhold the rest of the money in satisfaction of sanctions awarded it as against Appellants in another, related matter. However, the trial court issued an entry on June 27, 2012, ordering Appellee to deposit the full $25,136.78 with the Clerk, which Appellee complied with as indicated in its notice of further deposit filed on July 12, 2012. Finally, as indicated in the trial court's final entry issued on July 20, 2012, Appellee complied with the order to deposit the full amount, and distribution of the funds had been completed by the clerk. As Appellee has deposited the full amount ordered by the court, including the amount they argued they were entitled to

withhold in relation to the sanctions awarded in the other matter, Appellants' argument has been rendered moot.

{¶40} Third, Appellants' motion argued they were entitled to additional compensation "for theft of their trees from their property." Appellants cited the court to the testimony given at the August 12, 2009, hearing on the contempt motion in support of their argument. On appeal, Appellants argue as follows:

> "During the August 12, 2009 hearing on Appellee's motion for contempt, the trial court indicated that the trees Appellee had already cut and removed from Appellant's property and those trees yet to be cut, were the property of Appellants."

In reviewing the transcript from the contempt hearing, it appears Appellants argued that Appellee had cut some trees outside of their appropriated easement. Appellants also seemed to argue that by removing and/or otherwise disposing of the trees, or the cut wood from the trees within the easement, that Appellee was stealing Appellants' property.

{¶41} However, our review of the record leads us to a different conclusion. After hearing all of the evidence presented, the trial court found Appellants in contempt of the previous order of the court granting Appellant an easement. There is no indication that after hearing the testimony

presented, the trial court determined any trees cut were actually outside of the easement. The trial court did make a statement regarding Appellants' request that the cut timber be given to them instead of removed. In particular, the trial court stated as follows:

"* * * I would encourage the parties to the extent there might still be any trees that are to be removed if Mr. and Mrs. Ogles [sic] do wish to have those trees delivered to some spot, on their property, Mr. Michalski, I would certainly encourage – I don't know that it's going to be part of the order, but I would encourage you to communicate that to Mr. Buzby and I would encourage Ohio Power to make all possible arrangements to accomplish that if they wish that to be done. And if not, then the court understands some other procedure has been followed. Apparently it is being chipped and moved and taken away or whatever. Whatever that is. It doesn't really matter."

Thus, although the court seemed to suggest that Appellee should deliver the cut wood to Appellants as a courtesy, it made no finding that Appellants were entitled to compensation for the value of the removed wood.

{¶42} Additionally, and of importance, we note that although Appellants presented the issue of Appellee going outside of the easement

and "stealing trees" as a defense to the contempt action, they did not, at that time, file a claim seeking damages for the value of that property. Further, if they were expecting to be awarded any compensation via presentation of this testimony at the contempt hearing, they did not raise the issue of their entitlement to compensation during their direct appeal of the contempt finding. Finally, the following exchange took place between Appellee's counsel and Charles Ogle during the 2009 contempt hearing in response to Charles Ogle's argument that his trees were a crop that Appellee had not paid him for after removing them from the easement area:

> "A.   I understand that easement holder has the right to clear
>
>        the thirty foot. Okay. Those trees are still my personal
>
>        property and I should have been asked where they would
>
>        like me – or where I would have liked them to put my
>
>        personal property, my trees once they were removed
>
>        from the easement. I don't recall AEP paying me
>
>        anything the trees. The trees are a crop and I don't recall
>
>        I'm being paid anything for the trees.
>
> Q.    Well, we had an entire trial on the amount that's been
>
>        paid to you and that amount is over in the Clerk of Courts
>
>        office, isn't it?

A.    Is there anything for the trees there?

Q.    The court knows what the compensation was for and

      what the final judgment says.  Now, if you disagreed then

      with the analysis in the final judgment entry about the

      right to remove the trees, did you consult with your

      attorney and ask that this issue be raised with AEP?

A.    No, we didn't do it.  We just appealed the case."

A review of the record further indicates that the value of the trees was taken into consideration in arriving at the initial damage award of $54,000.00, which amount was upheld on appeal.  *Ohio Power Company v. Charles R. Ogle, et al.*, 4th Dist. No. 09CA1, 09AP1, 2009-Ohio-5953, ¶24 and 27.

{¶43} In light of the foregoing, and based upon the following, we find no error on the part of the trial court in denying Appellants' motion for additional compensation and sanctions.  As set forth above, Appellant's motion for sanctions based upon alleged misrepresentations made by Appellee regarding Appellants' entitlement to attorney's fees and Appellee's notice of deposit have been rendered moot, and were moot at the time the trial court issued its final entry denying the pending motions.

{¶44} Further, with respect to Appellants' claim for additional compensation, Appellants were aware that Appellee had possibly cut trees

outside of the easement area, and had removed the trees cut within the easement in the summer of 2009.  Thus, although a cause of action for alleged damages accrued at that time, Appellants never filed a separate action seeking compensation and damages.  Further, to the extent Appellants sought additional damages related to Appellee's removal of the trees within the easement as part of the contempt proceedings, certainly that issue could have been raised as part of the appeal from the contempt decision.  However, it was not.

{¶45}  The doctrine of res judicata bars claims that the defendant raised or could have raised on direct appeal. *In re B.C.S*., 4th Dist. No. 07CA60, 2008-Ohio-5771, ¶ 14. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. Based upon the facts before us, we conclude that the doctrine of res judicata serves as a bar to Appellants raising this motion after the conclusion of the contempt action and nearly a year after the direct appeal thereof was

concluded.  Accordingly, we find no merit to Appellant's fifth and sixth

assignments of error and they are therefore overruled.

{¶46} Having found no merit in any of the assignments of error raised

by Appellants, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## __JUDGMENT ENTRY__

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**